DISTRICT COURT OF THE VIRGIN ISLANDS
                    DIVISION OF ST. THOMAS AND ST. JOHN

THE PRUDENTIAL INSURANCE COMPANY )
OF AMERICA,                      )
                                 )
            Plaintiff,            )
                                 )   Civil No. 2018-16
            v.                    )
                                 )
SYLVETTE MCBEAN, MAYBEE HUGHES,   )
DOREL BRENDA RAPHAEL,             )
                                 )
            Defendant.            )
                                 )

**ATTORNEYS:**

**Kevin A Rames, Esq.**
Law Office of Kevin A. Rames, P.C.
St. Croix, U.S.V.I.
    *For The Prudential Insurance Company of America,*

**Mark Wilczynski, Esq.**
Law Offices of Wilczynski & Garten, P.C.
St. Thomas, U.S.V.I.
    *For Sylvette McBean*,

**Daren John-Baptiste, Esq.**
St. Thomas, U.S.V.I.
    *For Maybee Hughes and Dorel Brenda Raphael.*

**ORDER**

**GÓMEZ, J.**

Before the Court is the motion of The Prudential Insurance Company of America and defendants Sylvette McBean[1], Maybee Hughes[2], and Dorel Brenda Raphael[3] for interpleader relief.

Recaldo Chinnery ("Chinnery") entered into a life insurance policy through The Prudential Insurance Company of America ("Prudential").[4] The policy promised a payment of $400,000 in the event of Chinnery's death. The policy listed two beneficiaries: B.C., Chinnery's minor son; and Cherise Chinnery, Chinnery's daughter. Fifty percent of the insurance proceeds were to be allotted to B.C. The other 50% were to go to Cherise Chinnery.

On March 31, 2016, Chinnery died. Cherise Chinnery collected her share of the insurance proceeds to which she was entitled. Prudential did not know to whom to pay the share of the insurance proceeds to which B.C. was entitled.

On December 11, 2017, Prudential filed the instant interpleader action. The complaint listed Hughes, B.C.'s mother

---

[1] Defendant Sylvette McBean is acting as trustee of a trust to be established for B.C., a minor.
[2] Defendant Maybee Hughes is acting as natural guardian of B.C., a minor.
[3] Dorel Brenda Raphael is acting solely as court appointed guardian of the property of B.C., a minor and B.C., a minor, through his court-appointed guardian *ad litem* Carol Ann Rich, Esq.
[4] Prudential provided group life insurance benefits to the Department of Veterans Affairs of the United States through the Office of Servicemembers' Group Life Insurance.

and guardian; Raphael, a court-appointed guardian of B.C.'s property; and McBean, Chinnery's sister, as defendants. McBean was named in the complaint in her capacity as a potential trustee of a trust to be created for the benefit of B.C. All defendants filed answers. On March 20, 2018, Prudential deposited $201,892.51 into the Court's registry. That amount represents the share of the insurance proceeds to which B.C. is entitled. On July 5, 2018, Prudential filed a motion seeking to be discharged from the instant action.

"Interpleader is an equitable device that enables a party holding a fund to compel persons asserting conflicting claims to that fund to adjudicate their rights to the fund in a single action." *New Jersey Sports Prods., Inc. v. Don King Prods., Inc.*, 15 F.Supp.2d 534, 539 (D.N.J.1998) (citing *American Family Mut. Ins. Co. v. Roche*, 830 F.Supp. 1241 (E.D.Wis.1993)); *see also Metropolitan Life Ins. Co. v. McMann*, Civ. No. 87-2213, 1988 U.S. Dist. LEXIS 4634, at *7, 1988 WL 52096 (E.D.Pa. May 18, 1988) ("Interpleader is designed to afford a party who fears that it will be subjected to the vexation of multiple claims to a limited fund under its control a procedure to settle the controversy and satisfy its obligation in a single proceeding.") (citations omitted). "The classic interpleader scenario involves

a neutral stakeholder, such as an insurance company, faced with [competing] claims over the rights of the res-e.g., the proceeds of a life insurance policy where the beneficiaries dispute their relative distributions." *New Jersey Sports Prods., Inc.*, 15 F.Supp.2d at 539.

"[I]nterpleader allows a stakeholder who 'admits it is liable to one of the claimants, but fears the prospect of multiple liability [,] . . . to file suit, deposit the property with the court, and withdraw from the proceedings.'" *Prudential Ins. Co. of Am. v. Hovis,* 553 F.3d 258, 262 (3d Cir. 2009) (alteration in original) (quoting *Metro. Life Ins. Co. v. Price,* 501 F.3d 271, 275 (3d Cir. 2007)). "The result is that '[t]he competing claimants are left to litigate between themselves,' while the stakeholder is discharged from any further liability with respect to the subject of the dispute." *Id.*

Although not explicitly stated in its complaint, Prudential appears to bring this interpleader action under Federal Rule of Civil Procedure 22.[5] When bringing an interpleader action under Rule 22, the plaintiff must plead and prove an independent basis for subject matter jurisdiction. *Metropolitan Life Ins. Co. v.*

---

[5] Minimal diversity ordinarily is required between adverse claimants in an interpleader action pursuant to 28 U.S.C. §1335. Here, it is worth noting that McBean, Hughes, and Raphael all share the same citizenship.

*Price*, 501 F.3d 271, 275 (3d Cir. 2007). Prudential pleads that this Court has both federal question jurisdiction, because the underlying claim is governed by the Servicemembers' Group Life Insurance Statute (38 U.S.C. § 1965, et seq.), and original jurisdiction pursuant to 28 U.S.C. § 1332.

In this case, Prudential feared the possibility of multiple claims, as stated in its complaint. Prudential also admitted that it was liable to B.C. Finally, Prudential deposited the money owed to B.C. into the Court's Registry account. Having completed all of the necessary steps, Prudential now seeks to withdraw from these proceedings.

The premises considered, it is hereby

**ORDERED** that Prudential is **DISMISSED** from this action and **RELEASED** from all liability, indemnity, and contribution arising out of the proceeds of the life insurance policy; it is further

**ORDERED** that the defendants are **ENJOINED** under 28 U.S.C. § 2361[6] from commencing or continuing any action against Prudential as to the proceeds of the life insurance policy.

                                                    S\_____
                                                  **Curtis V. Gómez**
                                                  **District Judge**

---

[6] In any civil action of interpleader or in the nature of interpleader under section 1335 of this title, a district court may issue its process for all claimants and enter its order restraining them from instituting or prosecuting any proceeding in any State or United States court affecting the property, instrument or obligation involved in the interpleader action until further order of the court. Such process and order shall be returnable at such time as the court or judge thereof directs, and shall be addressed to and served by the United States marshals for the respective districts where the claimants reside or may be found.

Such district court shall hear and determine the case, and may discharge the plaintiff from further liability, make the injunction permanent, and make all appropriate orders to enforce its judgment.

28 U.S.C. § 2361.