DISTRICT COURT OF THE VIRGIN ISLANDS
           DIVISION OF ST. THOMAS AND ST. JOHN

THE PRUDENTIAL INSURANCE COMPANY )
OF AMERICA,                      )
                                 )
          Plaintiff,             )
                                 ) Civil No. 2018-16
     v.                          )
                                 )
SYLVETTE MCBEAN, MAYBEE HUGHES,  )
DOREL BRENDA RAPHAEL,            )
                                 )
          Defendant.             )
_____)


**ATTORNEYS:**

**Kevin A Rames, Esq.**
Law Office of Kevin A. Rames, P.C.
St. Croix, U.S.V.I.
    *For The Prudential Insurance Company of America,*

**Mark Wilczynski, Esq.**
Law Offices of Wilczynski & Garten, P.C.
St. Thomas, U.S.V.I.
    *For Sylvette McBean,*

**Daren John-Baptiste, Esq.**
St. Thomas, U.S.V.I.
    *For Maybee Hughes and Dorel Brenda Raphael.*


                          **ORDER**

**GÓMEZ, J.**

    Before the Court are the motions of Sylvette McBean and

Carol Ann Rich for attorney's fees.

                **I. FACTUAL AND PROCEDURAL HISTORY**

    On March 7, 2016, Recaldo Chinnery executed his Last Will

and Testament (the "Will"). The Will named Recaldo Chinnery's

sister, Sylvette McBean ("McBean"), as the Executor of his estate and as Trustee. The Will provided that all proceeds from any of Recaldo Chinnery's insurance policies would be directed "to those of [his] children Chereise N. Chinnery and [B.C.], who survive [him], in substantially equal shares." *See* ECF No. 52, Exh. 4 at 2. The Will authorized McBean

> to deliver any such property or proceeds to said child, or to said child's guardian or any person with whom said child resides for the use of said child, or, if there is a separate trust for the benefit of said child, to my Trustee to be administered as a part of said trust.

*Id.* at 9.

Recaldo Chinnery was covered by a life insurance policy (the "Insurance Policy") provided by Prudential Insurance Company of America ("Prudential") through the Office of Servicemembers' Group Life Insurance. The Insurance Policy provided that $400,000, minus a premium of $145, would become payable if Recaldo Chinnery died. Recaldo Chinnery also executed a Servicemembers' Group Life Insurance Election and Certificate, which provided that Chereise Chinnery was the beneficiary of 50% of the proceeds from the Insurance Policy with the other 50% to go to Recaldo Chinnery's "Trustee, Sylvette McBean to Fund a Trust Established for the Benefit of [his] Child [B.C.] in Accordance with [his] Will." *See* ECF No. 53, Exh. 4.

On March 31, 2016, Recaldo Chinnery died. On April 25, 2016, Cherise Chinnery submitted a claim for her portion of the insurance proceeds. She later received $199,927.50. B.C.'s mother, Maybee Hughes ("Hughes"), also submitted a claim for a portion of the insurance proceeds, prompting Prudential to commence this interpleader action on December 11, 2017.

Prudential's complaint named Hughes, Dorel Brenda Raphael, a court-appointed guardian of B.C.'s property, and McBean as defendants. All defendants filed answers. On March 20, 2018, Prudential deposited $201,892.51 into the Court's registry. That amount represents the share of the insurance proceeds to which B.C. is entitled. On October 31, 2018, the Court dismissed Prudential from this action, releasing it from all liability.

On August 27, 2018, McBean established "The Recaldo O. Cinnery Trust" (the "Trust") "for the sole benefit of [B.C.]." *See* ECF No. 53, Exh. 8 at 1. The Trust provides that it is to be funded by the insurance proceeds currently held in the Court's registry. When B.C. "attains the age of twenty-one (21) years, the Trust shall terminate and any remaining principal and income shall be paid and distributed to [B.C.]." *See id.*

On December 14, 2018, McBean moved for summary judgment and an order releasing the funds Prudential deposited into the

Court's registry. On February 8, 2019, Carol Ann Rich ("Rich"), the court appointed guardian ad litem for B.C., filed a document captioned "Notice of Support for Sylvette McBean's Motion for Summary Judgment and Motion for Award of Fees." *See* ECF No. 54. Rich asserted that she had no objections to McBean's motion for summary judgment and argued that McBean was entitled to the relief she sought. Rich also argued that when the Trust is funded, "there will be no further need for this proceeding, and no further need for any services by the federally appointed [guardian ad litem]." *See id.* at 1. Rich asked the Court to relieve her of her duties as guardian ad litem and award her attorneys' fees from the insurance proceeds before they are deposited into the Trust.

In support of her motion for attorney's fees, Rich filed a sworn affidavit and a detailed fee report. Rich's affidavit indicated both she and an associate attorney in her firm had worked on this matter. Rich indicated that she was seeking $300 per hour for her own work and $275 per hour for her associate's work. The tasks outlined in the fee report totaled 7.2 hours of work performed by Rich for $2,160 and 6.6 hours of work performed by her associate for $1,815. Altogether, Rich sought $3,975 in attorney's fees.

On September 30, 2019, the Court granted McBean's motion for summary judgment. The Court ordered that the Prudential insurance proceeds were to be disbursed to Sylvette McBean as Trustee of The Recaldo O. Chinnery Trust, but only after the proceeds were used to pay Rich's attorney's fees. To that end, the Court referred Rich's motion for attorney's fees to the Magistrate Judge.

On December 6, 2019, the Magistrate Judge filed a report and recommendation recommending that the Court grant Rich's motion for attorney's fees. The Magistrate Judge determined that 5 V.I.C. § 73 provided that guardian ad litems were entitled to an award of attorney's fees. The Magistrate Judge found that Rich's requested billing rates fell "within the range of rates charged for such services and is reasonable." *See* ECF No. 59 at 5. The Magistrate Judge also found that Rich had met her burden of showing that the hours expended working on this matter were reasonable. Accordingly, the Magistrate Judge recommended granting Rich's motion for attorney fees and awarding her $3,975.

Also on December 6, 2019, McBean filed a motion captioned "Motion to Disburse Funds." *See* ECF No. 58. In that motion, McBean requested that the Court award McBean's counsel $9,255 in

attorney's fees. McBean cited no authority authorizing an award of attorney's fees under these circumstances. McBean also provided no evidence addressing the work performed by her attorney or, short of the assertion that he performed $9,255 worth of work, any description of that work.

## II.  DISCUSSION

### A. Attorney's fees for Rich

Litigants may make "specific written objections" to a magistrate judge's report and recommendation "[w]ithin 14 days after being served with a copy of the recommended disposition." *See* Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1) ("Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court.").

When a party makes a timely objection, the district court "make[s] a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* When no objection to a magistrate's report and recommendation is made the district court reviews the report and recommendation for plain error. *See Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987) ("While . . . [28 U.S.C. § 636(b)(1)] may not require, in the absence of

objections, the district court to review the magistrate's report before accepting it, we believe that the better practice is for the district judge to afford some level of review to dispositive legal issues raised by the report."); *see also Tice v. Wilson*, 425 F. Supp. 2d 676, 680 (W.D. Pa. 2006) *aff'd*, 276 Fed. App'x 125 (3d Cir. 2008)(explaining that, by failing to object to a portion of a report and recommendation, the litigant "waived its right to have this Court conduct a *de novo* review," and that in those circumstances, "the scope of [the court's] review is far more limited and is conducted under the far more deferential standard of 'plain error' ").

No party has filed an objection to the Magistrate Judge's report and recommendation on Rich's petition for attorney's fees. Accordingly, the Court will review that report and recommendation for plain error. The Court perceives no error, let alone plain error, in the Magistrate Judge's conclusion that 5 V.I.C. § 73 authorizes an award of reasonable attorney's fees to a guardian ad litem and that Rich's requested fees for such work are reasonable.

### B. Attorney's fees for McBean

"The party seeking attorney's fees has the burden to prove that its request for attorney's fees is reasonable. To meet its

burden, the fee petitioner must 'submit evidence supporting the hours worked and rates claimed.'" *Rode v. Dellarciprete*, 892 F.2d 1177, 1183 (3d Cir. 1990) (quoting *Hensley v. Eckerhart,* 461 U.S. 424, 433 (1983)). In support of her petition for attorney's fees, McBean filed only a memorandum asserting that her attorney had performed $9,255 worth of work. A memorandum is not evidence. *See Kulhawik v. Holder*, 571 F.3d 296, 298 (2d Cir. 2009) ("An attorney's unsworn statements in a brief are not evidence."). Accordingly, because McBean failed to provide the Court with "evidence supporting the hours worked and rates claimed," the Court will deny the fee petition filed by McBean. *See Rode*, 892 F.2d at 1183.

The premises considered, it is hereby

**ORDERED** that the Report and Recommendation docketed at ECF Number 59 is **ADOPTED**; it is further

**ORDERED** that the motion of Carol Ann Rich for attorney's fees docketed at ECF Number 54 is **GRANTED**; it is further

**ORDERED** that the motion of Sylvette McBean for attorney's fees docketed at ECF Number 58 is **DENIED**; it is further

**ORDERED** that the Clerk of Court shall award Carol Ann Rich $3,975 in attorney's fees from the insurance proceeds deposited

into the Court's registry by the Prudential Insurance Company; and it is further

**ORDERED** that the Clerk of Court shall disburse the remaining funds from the insurance proceeds deposited into the Court's registry by the Prudential Insurance Company to Sylvette McBean as Trustee of The Recaldo O. Chinnery Trust; and it is further

**ORDERED** that the Clerk of Court shall **CLOSE** this case.

                                      S\_____
                                      **Curtis V. Gómez**
                                      **District Judge**